**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

SIGNAL AHF MEDICAL RECEIVABLES
HOLDCO LLC,

          Plaintiff,

v.                                                Case No. 22-cv-11514

MOBILE MRI STAFFING, LLC, et al.,

          Defendants.
_____/

**OPINION & ORDER RESOLVING SHOW CAUSE ORDER AND GRANTING MOTION FOR ALTERNATIVE SERVICE**

On January 6, 2023, the court issued an order to show cause why Defendant Michael K. Lala should not be dismissed due to Plaintiff's failure to prosecute. (ECF No. 7.) On January 13, 2023, Plaintiff filed a "Combined Response to Show Cause; Motion for Alternative Service," seeking reissuance or extension of the summons for Defendant Michael K. Lala, as well as permission to effectuate alternate service on him. (ECF No. 8.) For reasons explained below, the court will deem its show cause order resolved and grant Plaintiff's requests for a new summons and for alternate service.

**I. DISCUSSION**

**A. Show Cause Response**

Turning first to the show cause order, Plaintiff contends that it has diligently prosecuted this case, thereby making dismissal of Defendant Michael K. Lala inappropriate at this juncture. (ECF No. 8.) Plaintiff specifically details its efforts to serve him, as well as the other two Defendants, supplying affidavits of the two process servers used thus far. (Id. at PageID.97–100; ECF No. 8-1, PageID.109–14; ECF No. 8-2,

PageID.115–20.) Wanda Lee, the first process server involved, unsuccessfully attempted to serve all three Defendants at approximately eight different addresses, leaving business cards where appropriate while also attempting contact through two or more phone numbers associated with Defendants. (ECF No. 8-1.) The second process server, Michael Martell, successfully served Defendants Mobile MRI Staffing, LLC, and Rakesh Lala. (ECF No. 8-2.) However, though attempting service multiple times at three different addresses associated with Defendant Michael K. Lala, Mr. Martell was also unsuccessful in serving him within the time allotted by the summons. (Id.) Having reviewed the affidavits, the court is satisfied that Plaintiff has been making sufficient efforts to effectuate service on Defendant Michael K. Lala. The court will therefore refrain from issuing a dismissal for failure to prosecute, resolving as satisfied the January 6, 2023 show cause order.

## B. Motion for Alternate Service

For essentially the same reasons, the court also finds Plaintiff's request for alternate service appropriate. In relevant part, Federal Rule of Civil Procedure 4(e)(1) provides:

> an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made.

Thus, in this case, Michigan law can guide the parameters of serving notice to Defendant Michael K. Lala. Under Michigan law, to obtain permission for alternate service, the plaintiff must establish (1) that service cannot be made by the prescribed means, and (2) that the proposed alternate method is likely to give actual notice. MCR 2.105(J)(1). The first point must be established by "sufficient facts." MCR 2.105(J)(2);

2

*see Krueger v. Williams*, 410 Mich. 144, 163, 300 N.W.2d 910, 916 (1981). The second point captures the constitutional requirements of due process. *Milliken v. Meyer*, 311 U.S. 457, 463 (1940) (holding that the constitutional adequacy of an alternate method of service "is dependent on whether or not the form of substituted service provided for such cases and employed is reasonably calculated to give [the defendant] actual notice of the proceedings and an opportunity to be heard"). Federal Rule of Civil Procedure 4(m) further provides that, if the plaintiff shows good cause for failing to service a defendant within 90 days after the complaint is filed, "the court must extend the time for service for an appropriate period."[1]

Here, Plaintiff asserts that, despite its diligent efforts, personal service cannot reasonably be made under the prescribed rules by leaving a copy of the summons and complaint with someone of suitable age in the same household, or through registered or certified mail. (ECF No. 8, PageID.98–102.) More specifically, Plaintiff contends that Defendant Michael K. Lala is avoiding service despite being aware of the lawsuit pending against him, noting that his co-Defendant son and business partner, Rakesh Lala, has been successfully served.[2] (Id. at PageID.100–02.) As such, Plaintiff seeks permission to alternately serve Defendant Michael K. Lala via Priority U.S. Mail with tracking, sending a copy of an extended or reissued summons and complaint addressed to him at three specified addresses. (Id. at PageID.105–06.)

---

[1] It should be noted that Federal Rule of Civil Procedure 4(m) is not necessarily controlling under these circumstances, as the court has already granted an ex parte motion to extend the summonses in this case 60 days once already. (*See* ECF No. 3.)

[2] Plaintiff also asserts that it can proffer witness testimony that Defendant Michael K. Lala reached out through counsel directly to Plaintiff's agents on November 17, 2022 to discuss this lawsuit and further called a third party billing company serving as an intermediary for the parties' transactions on November 30, 2022 regarding this lawsuit.

3

The court finds that the respective affidavits of the process servers used by Plaintiff support the suggestion that Defendant Michael K. Lala is avoiding service. As such, Plaintiff's argument that service cannot be reasonably made through the prescribed rules is well met. Furthermore, given the familial and business relationship between the parties, the court is confident that Plaintiff's proposed method of alternate service is reasonably calculated to give Defendant Michael K. Lala actual notice of these proceedings. It is not lost on the court, however, that Plaintiff waited to move for a refreshed summons and for use of alternate service until after the court's show cause order, which was itself a month after expiration of the extended summons. The court nonetheless finds Defendant Michael K. Lala's seemingly evasive behavior in this case more troubling. Thus, it will re-issue the summons for him, permitting Plaintiff approximately thirty additional days from the date of this order to effectuate service through its proposed alternate method.

## II. CONCLUSION

IT IS ORDERED that the court's January 6, 2023 Order to Show Cause (ECF No. 3) is satisfied such that the court will refrain from dismissing Defendant Michael K. Lala at this juncture.

IT IS FURTHER ORDERED that the Clerk of the Court shall issue a new summons for Defendant Michael K. Lala with an expiration date of thirty days from the date of this order.

IT IS FURTHER ORDERED that Plaintiff's Motion for Alternative Service (ECF No. 8) is GRANTED. To avoid future dismissal, by February 24, 2023, Plaintiff must effect alternate service of this lawsuit on Defendant Michael K. Lala by using Priority U.S. Mail with tracking to send a summons and complaint addressed to him at the

5

following locations: 7110 Orchard Lake, Unit 2078, West Bloomfield, Michigan 48322; 3815 Pine Harbor Drive, West Bloomfield, Michigan 48323; and the listed address of Defendant Mobile MRI Staffing, LLC's retained counsel.

                                            s/Robert H. Cleland               /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated:  January 24, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 24, 2023, by electronic and/or ordinary mail.

                                            s/Lisa Wagner                   /
                                            Case Manager and Deputy Clerk
                                            (810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Civil\22-11514.SIGNALAHF.MotionForAlternativeService.EKL.docx